■ The People of the State of New York, Respondent, v Thomas Medley, Appellant. [598 NYS2d 941] —Judgment, Supreme Court, Bronx County (Emily Jane Goodman, J.), rendered March 14, 1990, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted. *(See, Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal.

Pursuant to CPL 460.20, defendant has the right to apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within thirty (30) days after service of a copy of this order, with notice of entry.

Denial of the application for permission to appeal by the Judge or Justice first applied to is final and no new application may thereafter be made to any other Judge or Justice. Concur—Carro, J. P., Rosenberger, Ellerin, Wallach and Rubin, JJ.

■ In the Matter of Lisa Staton, Appellant, v New York City Police Department, Respondent. [597 NYS2d 701] —Order, Supreme Court, New York County (Harold Baer, Jr., J.), entered on May 15, 1992, which dismissed the petition, brought pursuant to CPLR article 78, to annul the respondent's determination, dated September 6, 1991, terminating petitioner as a probationary police officer, unanimously affirmed, without costs.

On April 28, 1991, petitioner, a probationary police officer, was suspended from duty based upon respondent's finding, after an investigation, that while off duty she had pointed her service revolver at another female. Thereafter, on September 6, 1991, petitioner resigned, in order to avoid being terminated by respondent. Petitioner's impending termination was not prompted by bad faith; to the contrary, there was substantial evidence of her unacceptable behavior *(see, Matter of Soto v Koehler,* 171 AD2d 567, 568, *lv denied* 78 NY2d 855). Concur— Carro, J. P., Rosenberger, Ellerin, Wallach and Rubin, JJ.